FILED '06 DEC 20 14:21 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THEODORE LANGE,

             Plaintiff,          Civil No. 05-3054-TC

             v.                  FINDINGS AND
                                  RECOMMENDATION

GAIL NORTON, Secretary
of the Interior,

             Defendant.

COFFIN, Magistrate Judge.

    Plaintiff, a former employee of the Bureau of Land Management, filed this action alleging he was subjected to age discrimination and retaliation for protected activity in violation of the Age Discrimination Act, 29 U.S.C. §§ 621, et seq. Plaintiff seeks damages and "to be reinstated into the Cruiser/Appraiser Career field at the same place and grade level prior to his removal from the career field," and other "compensations, entitlements, and corrective actions as the

1 - FINDINGS AND RECOMMENDATION

Court determines to be appropriate."  Before the court is defendant's Motion to Dismiss (#39).

The relevant facts are as follows:  In November 2001, after an unsatisfactory work performance rating, plaintiff was transferred from his position as a "Timber Cruiser/Appraiser" to "Aid in Biology" for wildlife and botany, at the same pay and grade.  Plaintiff alleges that the transfer was the result of "having filed a past Whistleblower complaint, a past grievance, and past EEO complaints" and because plaintiff "had reached an age with time in service to be eligible to retire." Several months later, plaintiff retired from federal service.

Plaintiff subsequently filed a complaint seeking "damages and reinstatement" for "Wrongful Removal From Federal Service" in violation of "Due process provided by Article 14 U.S. Constitution."  See, Lange v. Norton, Civ. No. 05-441-HA. Judge Haggerty dismissed plaintiff's action for lack of jurisdiction on March 3, 2006.  Plaintiff did not appeal that decision.

Plaintiff's claim in this case is best explained by Judge Haggerty's order of dismissal in Lange v. Norton:

Plaintiff was removed from his employment at the Bureau of Land Management.  He appealed that removal to the MSPB. Prior to the hearing on his claim, plaintiff entered into a

verbal agreement to settle the claim.  The MSPB Administrative
Judge entered the agreement in to the record and dismissed the
appeal.  Plaintiff then attempted to rescind the agreement,
appealing to the full Board of the MSPB.

The full Board found that plaintiff had articulated an
age discrimination claim for which the settlement did not
offer the protections required under the Age Discrimination in
Employment Act.  Accordingly, the Board found the settlement
was ineffective as it related to the age discrimination claim,
but affirmed the settlement terms for the remaining claims.
For the age discrimination claim, the Board modified the
dismissal to a remand order to allow plaintiff to raise the
claim as an affirmative defense to his removal.

On remand, plaintiff withdrew his age discrimination
claim.  Plaintiff issued a written statement proclaiming

I, Theodore C. Lange, have decided on my own initiative
to withdraw the issue of Age Discrimination which has been
scheduled for hearing ....  I understand that I am not to
appeal any future issues of Age Discrimination regarding my
removal from federal service. Paginated Administrative Record
(PAR) at 123.

The MSPB did not reach the merits of the age discrimination
claim, but issued a final decision pursuant to the withdrawal
of that claim.  The MSPB also instructed plaintiff on the
procedure to file an appeal with the United States Court of
Appeals for the Federal Circuit.

Plaintiff filed an appeal with the United States Court of
Appeals for the Federal Circuit.  The appeal was dismissed as
untimely, and the court refused to reconsider, or rehear *en
banc*, the timeliness question. *Lange v. Department of
Interior*, 108 Fed. Appx. 631 (Fed. Cir. 2004).  The Supreme
Court denied plaintiff's request for *certiorari* to hear the
timeliness issue. *Lange v. Dep't of Interior* 543 U.S. 1153
(2005).

Plaintiff fully adjudicated his claims, other than his
age discrimination claim, first to the MSPB, and then to the

United States Court of Appeals for the Federal Circuit.  This
court does not have subject matter jurisdiction over those
claims.    5 U.S.C. §§ 7701, 7703(b)(1).    Accordingly those
claims are dismissed.

Plaintiff elected not to exhaust his administrative
remedies and pursue his age discrimination claim under Title
VII, but to bring that claim before the MSPB in connection
with his removal from employment.    Accordingly, this court
would have jurisdiction to hear that claim only after the MSPB
had reached a decision on the merits.    *See Sloan*, 140 F.3d at
1261; *Ballentine*, 738 F.2d at 1246. Here, plaintiff abandoned
his age discrimination claim prior to his hearing, and the
final decision by the MSPB was not a decision on the merits.
Therefore, this court lacks subject matter jurisdiction to
hear plaintiff's age discrimination claim.

Order (#24) pp 4-5, March 2, 2006.

Pursuant to the ADEA, age discrimination plaintiffs may

recover money damages in the form of back pay and obtain

equitable relief such as reinstatement. 29 U.S.C. § 626(b).

The same remedies are available for claims based on alleged

retaliation for complaining about age discrimination.

Plaintiffs may not recover damages for pain and suffering or

punitive damages for alleged age discrimination or retaliation

under the AEDA. Where there is no remedy available consistent

with the statutory remedies provided by the ADEA, the court

may dismiss the claim as moot. Lankford v. City of Hobart, 73

F.3d 283, 288 (10th Cir. 1996); Hampton v. IRS, 913 F.2d 180,

182 (5th Cir 1990); Franzoni v. Hartmatx Corp., 300 F.3d (7th

Cir. 2002).

In this case, back pay is not available because plaintiff retained his pay grade when transferred, and was paid his full salary and benefits until he retired.

Reinstatement to a former position is not an available remedy once a plaintiff's employment is legitimately terminated. McKennon v. Nashville Banner Pub. Co., 513 U.S. 361-62 (1995); see also, O'Neal v. City of Albany, 293 F.3d 998, 1004 (7th Cir. 2002); Bennett v. Corroon & Black Corp., 845 F.2d 104. 106 (5th Cir. 1988).

In this case, plaintiff no longer works for the Bureau of Land Management so reinstatement is not an available remedy. If plaintiff were still employed by the defendant and established the claims alleged herein, this court could order defendant to reinstate plaintiff to his former position as Timber Cruise/Appraiser. However, the issue of plaintiff's right to work for defendant was conclusively determined adversely to plaintiff in Lange v. Norton and cannot be re-litigated via the age discrimination claim alleged in this case.

Plaintiff did not suffer any economic loss from his transfer and lost his claim for wrongful termination. Under

5 - FINDINGS AND RECOMMENDATION

the ADEA plaintiff is not entitled to any compensation for pain and suffering, and as a pro se plaintiff, he is not entitled to attorneys fees.  Accordingly, there no relief that this court can order and plaintiff's claims are moot.

Defendants' Motion to Dismiss (#39) should be allowed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue ans will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this ⟨2⟩ day of December, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge